H. J. PARRISH, *Appellant,* v. HILLSBOROUGH COUNTY, *Appellee.*

Division A.

Opinion filed November 19, 1929.

BROWN, J.—On motion for rehearing, I have reached the conclusion that the concurring opinion heretofore written by me in the above styled cause should be modified so as to read as follows:

In addition to the reasons advanced by Mr. Justice WHITFIELD, I think an act of this kind might not be validly applied to the general run of rural or agricultural lands because the authorization of assessments for the cost of constructing a highway against abutting rural lands according to their mere length of frontage, without regard to the area or character of the land, or the *quantum* of benefits conferred, would ordinarily be incapable of anything like

a fair and equal application as applied to lands in the country. Even as applied to city property, the front foot rule frequently works injustice in practical application, but by reason of conditions usually obtaining in rural agricultural sections and the endless varieties in shape, area, character, use and value which we must judicially know to there generally exist, we must know the front-foot rule cannot there generally be applied with even approximate equality or justice, and without denying the equal protection of the laws. This principle is based upon the radical differences which generally exist between city and country real estate holdings. There is generally some uniformity and regularity in the shapes and sizes—the width and depths—of lots in cities and towns, while lands out in the country, whether used as farms, pastures or groves, or for timber or turpentine purposes, or held as wild lands in their natural state for future use, development or sale, usually present such an endless diversity in shape, area, value, etc., as to make the front-foot rule as applied thereto so utterly impracticable and unjust as to be unconstitutional. However, we would not be understood as holding that such an act could could not in any conceivable case be constitutionally applied to lands outside of municipal limits. There is no such magic in the location of a municipal boundary line as would necessarily change the essential character of land holdings, in the respects pointed out. Where lands outside municipal boundaries have been subdivided and platted into blocks and lots fronting on streets or highways or otherwise possess some such regularity and uniformity in shape, in width and depth, as usually characterizes property inside city limits, obviously the front-foot rule could be as fairly and constitutionally applied to one as to the other. In other words, the constitutionality

of such an act depends upon the facts—the nature of the land holdings—to which it is sought to be applied.

Concurring opinion modified and rehearing denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.